## WILLIAM B. WILLIAMS *v.* J. F. NEWBERRY et ux.

1. EVIDENCE: WHEN RELEVANT MUST BE ADMITTED: TRESPASS.—When evidence is offered which is relevant to the issue, it should be admitted, notwithstanding it may be insufficient of itself to establish the fact intended to be proved by it; and hence, in an action of trespass to recover damages sustained by the plaintiff, by reason of the tortious taking and wrongful detention of his slaves by the defendant, it is competent to prove the amount expended by the plaintiff in recovering his slaves, without previously showing that the item for which the expenditure was made, was necessary, or that the sum paid was reasonable.

2. TRESPASS: MALICIOUS INTENT HOW PROVEN.—In an action of trespass to recover damages for the tortious taking of plaintiff's slaves by defendant; it is competent to show, for the purpose of increasing the damages, that the trespass was wanton and malicious; but this must be done by the proof of facts from which malice may reasonably be inferred; it will be error, therefore, if the plaintiff be allowed to prove a fact, for the purpose of showing malice, which is innocent and lawful in itself, and has no tendency to show the existence of a malicious intent.

3. EVIDENCE; MALICIOUS INTENT CANNOT BE PRESUMED FROM A LAWFUL ACT.—The institution and subsequent dismissal by the defendant of a suit, for the recovery of slaves, is no evidence that a prior tortious taking of the slaves by him, was malicious and wanton, and should not therefore be admitted in evidence to prove that fact.

APPEAL from the Circuit Court of De Soto county. Hon. P. T. Scruggs, judge.

Newberry and wife, instituted their action of trespass in the court below, to recover damages for the wrongful taking and detention of their slaves, by the defendant.

It appeared that the plaintiff was in possession of the slaves at the time the trespass was committed, and that defendant went to the plantation of plaintiffs, where the slaves were at work, and

carried them away. Upon his refusal to deliver them to plaintiffs, they procured a writ of *habeas corpus* from a circuit judge, who upon the return of the writ, ordered that the defendant restore the slaves to the plaintiffs' possession, which he accordingly did. The plaintiffs on the trial of this cause, proved by a witness that they hired a carriage for the purpose of conveying them to Holly Springs, to attend the trial of the writ of *habeas corpus*, and the price they paid therefor. The introduction of this testimony was objected to by the defendant, upon the ground that the plaintiff had not shown that the carriage was necessary for that purpose, or that the price paid was reasonable; but the court overruled this objection and permitted the evidence to go to the jury.

In the further progress of the trial, plaintiff proved by the sheriff of De Soto county; that on the day on which defendant surrendered the slaves under the order of the judge, made on the trial of the writ of *habeas corpus*, the defendant instituted a suit of replevin against the plaintiff to recover the slaves, and afterwards dismissed the same. This testimony, it is stated in the bill of exceptions, was offered to increase the damages, and to show that the trespass was malicious. The defendant objected to its introduction, as the record recites, "because he might have had a perfect right to the possession of the slaves, and have been fully justified in suing out the writ, and not be permitted to show the same in this suit." The court overruled his objection, and permitted the evidence to go to the jury.

The defendant offered in evidence, by way of rebuttal to this, testimony which tended to show that the right of possession to the slaves was in him at the time the replevin suit was instituted, but upon objection of plaintiff, it was excluded.

The plaintiff had verdict and judgment; the defendant moved for a new trial, which being refused, he appealed.

*H. W. Walter*, for appellant.

1. The court erred in admitting the evidence of the price paid by plaintiffs for a carriage to go to Holly Springs, without previous proof that the carriage was necessary, and that the price paid was reasonable. The plaintiffs are not entitled to recover for money

which they may have unnecessarily and extravagantly expended, but only for their necessary and reasonable expenses.

2. The court erred in admitting the proof in relation to the replevin suit. The bringing of the suit was not proof of malice. Surely the defendant had a right, if he thought he was entitled to the possession of the slaves, to take legal steps to recover them. But if it be conceded that the proof was relevant and proper, then unquestionably the court erred in refusing to permit defendant to prove that he had title and right to the slaves. If the merits of that suit were open for investigation, they were as well open for the defendant as for the plaintiff. And moreover, the defendant has the right under the general issue, in an action of trespass to show that the plaintiff had no right to the goods, but that the title was in himself. 2 Greenl. Ev. § 625; 3 Phil. Ev. (C. & H. notes,) 192; 2 Stark, Ev. 1118; 4 Pick. 127.

*D. C. Glenn,* for appellee.

FISHER, J., delivered the opinion of the court.

The plaintiffs below brought this action in the Circuit Court of De Soto county, to recover damages alleged to have been sustained in consequence of a trespass committed by the defendant in illegally taking and detaining the slaves of the plaintiffs.

The errors assigned, relate to the action of the court below, in admitting certain testimony on behalf of the plaintiffs, and rejecting testimony offered by the defendant. The plaintiffs introduced a witness, and proposed to prove by him the amount of expenses which they had incurred in procuring a carriage to attend the trial, before the judge of that district, on a writ of *habeas corpus*, in relation to the slaves alleged to have been taken by the defendant. The defendant objected to this testimony, on the ground that it was not first shown that the amount paid as expenses was reasonable, or, that the carriage was necessary. The court overruled the objection and admitted the testimony, and we think properly. The very object of the action was to compensate the plaintiffs for the trouble, loss of time and expense incurred in regaining possession of their slaves, and it was certainly competent

to show the amount actually paid as expenses, and to show by other testimony that such amount was under the circumstances reasonable. All that the court could decide at that stage of the proceedings was the question as to the relevancy of the testimony, and if it tended to prove a material fact in issue, it was of course relevant, and should have been admitted. It may have been incomplete, or insufficient by itself to establish the fact, which it was intended to establish. But this was not the question. The court had to determine the relevancy of the testimony, and the jury its sufficiency.

Again, the same witness was asked by the plaintiffs whether the defendant did not, on the day he delivered the slaves to the witness, as sheriff, in virtue of the judgment on the writ of *habeas corpus*, sue out a writ of replevin against the plaintiffs, and whether he had not dismissed said suit.

The action of replevin was commenced, it seems, to recover possession of the slaves from the plaintiffs, and the object of the testimony, as appears from the bill of exceptions, was to show that the defendant was actuated by malice in committing the trespass, and consequently to increase the damages. It was, no doubt, proper to show the peculiar feelings and motives which prompted the defendant in taking the slaves; and such feelings and motives might have a tendency to show that the act was wholly unjustifiable, or wantonly done. But the difficulty in the question is to determine how the mere fact of bringing an action of replevin, long after the trespass, can be construed as evidence of the motives which actuated the defendant in taking possession of the slaves, and especially of a bad motive.

The plaintiffs propose to introduce evidence to show malice in the defendant at the time he committed the trespass. The court decides that evidence to establish this fact may be admitted, with a view of increasing the damages. But the question is, how is the fact to be proved? The answer is, by showing that the defendant brought an action to recover the slaves, when he ascertained that he could not retain possession under his trespass, and that he has failed to prosecute that action. The question again recurs, how can malice be inferred from these acts? The mere fact of bring-

ing the suit, so far from proving malice, would negative any such presumption, because it would tend to show that the party believed at least that he was entitled to the slaves, and was, therefore, in pursuit of his right; but in an illegal manner, when he took possession of them in the first instance.

Again, the failure to prosecute the action, proves nothing as to previous motives. He may have been governed by his counsel, both in bringing and dismissing the suit. The inference from a fact proved must be natural; and even a bad motive in bringing the action of replevin, would not necessarily raise the presumption of a bad motive in committing the trespass. Malice, in such case, must arise out of the transaction itself. As, for instance, the manner in which the act was done, taking and detaining the slaves without a color of title, or any other act evidencing a disposition to injure the plaintiffs by the commission of the wrong.

We are therefore of opinion, that the court erred in admitting this testimony, and for this error the judgment will have to be reversed.

Judgment reversed, and new trial granted.